**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 18, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

TIMOTHY L. BEALS,

Defendant-Appellant.

No. 09-6174

(W.D. Oklahoma)

(D.C. No. CR-07-321-D)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, **PORFILIO** and **BRORBY**, Circuit Judges.[**]

---

Timothy L. Beals appeals his thirty-six month sentence for the violation of

the terms of his supervised release. He argues that the district court based the

sentence on the availability of drug treatment while he was incarcerated and that,

because the treatment was not available, the court abused its discretion. We are

not persuaded and therefore affirm Mr. Beals's sentence.

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has
determined unanimously to grant the parties' request for a decision on the briefs
without oral argument. *See* Fed. R.App. P. 34(f); 10th Cir. R. 34.1(G). The case
is therefore ordered submitted without oral argument.

# I. BACKGROUND

In 2002, Mr. Beals pleaded guilty in the United States District Court for the District of Kansas to carrying a firearm during and in relation to a drug trafficking crime, a violation of 18 U.S.C. § 924(c). The district court sentenced him to sixty months' imprisonment, followed by a thirty-six month term of supervised release, as well as a $100 special assessment.

In December 2007, during his term of supervised release, the district court placed Mr. Beals in the Oklahoma Halfway House because he had failed to comply with certain conditions of supervised release requiring him to provide information to the probation office. Following his placement in the Oklahoma Halfway House, the Kansas court transferred the case to the United States District Court for the Western District of Oklahoma.

In March 2008, the probation office alleged that Mr. Beals had been arrested for shoplifting, a violation of the terms of his supervised release. The district court held a hearing and Mr. Beals stipulated to the alleged violation. The court then revoked his supervised release and sentenced him to six months' imprisonment, followed by a new term of twelve months' supervised release.

In December 2008, the probation office alleged that Mr. Beals had again violated the terms of his supervised release, this time by submitting a urine sample that tested positive for amphetamine and methamphetamine. Mr. Beals

stipulated to the alleged violations, and the court ordered him to participate in an in-patient substance abuse program at the Oklahoma Halfway House.

In April 2009, the probation office alleged that Mr. Beals had admitted that he had used methamphetamine, another violation of the terms of his supervised release. Mr. Beals did not contest the allegation. However, rather than revoking Mr. Beals's supervised release, the district court announced that it would continue the hearing on the violation for sixty days. It informed Mr. Beals that any further violation of the supervised release conditions would result in a substantial prison sentence.

In July 2009, the probation office alleged that Mr. Beals had been incarcerated in the Beckham County, Oklahoma, jail for failure to pay court costs on a dismissed charge of uttering a forged instrument. The probation office further alleged that Mr. Beals had failed to provide his probation officer with information about his employment or his whereabouts following his release from the Beckham County jail, additional violations of the terms of his supervised release.

In August 2009, the district court held a hearing on the two most recent allegations (Mr. Beals's use of methamphetamine and his failure to report to his probation officer). The probation officer testified that Mr. Beals had failed to provide her with the required information. Mr. Beals admitted the allegations. He stated that "[a]fter the Beckham County deal, I just gave up. . . . [T]he

supervised release and everything . . . was too much, and I just felt like I was never going to make it, and just, basically, hit a point of depression and gave up." Rec. vol. III, at 37 (Tr. of May 1, 2009 Hr'g).

After hearing statements from the prosecutor, Mr. Beals's attorney, and Mr. Beals, the district court imposed a sentence of thirty-six months' imprisonment, followed by twelve months' supervised release, and a $100 special assessment. The court directed that the first 180 days of supervised release should be served in a residential halfway house.

The court provided the following explanation of the sentence:

> I do want to make clear that the sentence being imposed today is being imposed in connection with the petition that we've had on the hearing today, but also in connection with the previous petition that the Court entered findings on but delayed the announcement of a decision as to punishment . . . .
>
> . . . .
>
> The reason for the sentence is that, despite great effort by the Court and the probation office, the defendant has repeatedly failed to comply with conditions of supervision even after a previous revocation and six-month period of confinement. The defendant has continued to have issues with drug abuse during this period of supervised release and has a history of violent behavior when he's on drugs.
>
> The defendant is a supervision failure at this point and would benefit from a term of confinement of a duration sufficient for him to get significant rehabilitative treatment including the [Residential Drug Abuse Program].
>
> . . . .
>
> Mr. Beals, you may think that, based on the Court's sentence today, that I have given up on you, but, indeed, I have not.

-4-

One of the sentencing factors under [18 U.S.C. §] 3553 that we take into account, and, indeed, apply in every case, is a factor that deals with rehabilitative treatment and programs and training and even medical care. There are also other factors that are significant with respect to you, including protection of the public and a reflection of the seriousness of your conduct.

But I believe that the sentence today will give you time to get straightened out, and will give you time to participate in the [Residential Drug Awareness Program], and it is my hope that you do that. I believe that with that time to take advantage of all the programs that would be available to you in light of this sentence of confinement that you may be able to find the help that you need to turn things around when you get out.

I also think that the halfway house time will give you an opportunity to reintegrate into whatever community that you elect to be a part of upon your release, and I think that's an important part of your sentence today.

I wish you luck, I will be pulling for you, and I hope you will pull for yourself.

Rec. vol. III, at 46-47, 49 (Tr. of May 1, 2009 Sentencing Hr'g).

## II. DISCUSSION

On appeal, Mr. Beals argues that his sentence "was unreasoned and unreasonable and that the [18 U.S.C. ] § 3553(a) factors suggest a sentence below or within the advisory guideline range." Aplt's Br. at 15. He maintains that the district court recognized that what he needed most was rehabilitative treatment for his drug addiction, and that the availability of such treatment was the principal reason for the sentence of incarceration. However, Mr. Beals contends, the record

-5-

does not support the conclusion that drug treatment will be available to him in prison.

In imposing a sentence after revocation of supervised release, the district court must consider both the advisory policy statements in Chapter 7 of the United States Sentencing Guidelines (USSG) and the factors provided in 18 U.S.C. § 3553(a). *United States v. Cordova*, 461 F.3d 1184, 1188 (10th Cir. 2006). The district court is not required to consider individually each § 3553(a) factor nor "recite any magic words" before issuing a sentence. *Cordova*, 461 F.3d at 1189 (internal quotation marks omitted). Instead, the district court need only consider § 3553(a) en masse and state its reasons for imposing a given sentence. *United States v. Kelley*, 359 F.3d 1302, 1305 (10th Cir. 2004).

Following *United States v. Booker*, 543 U.S. 220 (2005), we review all sentences for reasonableness under a deferential abuse of discretion standard. *See Rita v. United States*, 551 U.S. 338, 361 (2007); *United States v. Smart*, 518 F.3d 800, 805 (10th Cir. 2008) ("[W]e now review all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard.") (internal quotation marks omitted). A sentencing court abuses its discretion when its decision "is either based on a clearly erroneous finding of fact or an erroneous conclusion of law or manifests a clear error of judgment." *United States v. McComb*, 519 F.3d 1049, 1054 (10th Cir. 2007) (internal quotation marks omitted). A court also abuses its discretion

when it imposes a sentence that "is arbitrary, capricious, whimsical, or manifestly unreasonable." *United States v. Sells*, 541 F.3d 1227, 1237 (10th Cir. 2008) (internal quotations omitted), *cert. denied*, 129 S. Ct. 1391 (2009).

Here, the advisory Sentencing Guidelines recommended a range of eight to fourteen months' imprisonment for each set of Mr. Beals's violations of supervised release, for a combined total of twenty-eight months. *See* USSG §§ 7B1.1(a)(1), 7B1.3(a)(1), 7B1.4(a); Aple's Br. at 10 n.1 (explaining that the maximum advisory Guidelines sentence was twenty-eight months, fourteen months for each set of violations). Mr. Beals acknowledges that the district court "was authorized by Title 18 U.S.C. § 3583(e)(3) to require Mr. Beals to serve up to 54 months' imprisonment upon revocation of supervised release." Aplt's Br. at 15; *see* 18 U.S.C. § 3583(e)(3) (stating that the district court may "revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release finds by a preponderance of the evidence that the defendant violated a condition of supervised release").

Even though the district court sentenced Mr. Beals to a period of incarceration above the recommended Guidelines range, we discern no abuse of

discretion in its decision.  The court thoroughly considered Mr. Beals's record of supervised release violations and his history and characteristics.

As to the alleged lack of drug treatment in prison, we are not persuaded by Mr. Beals's contentions.  His argument is that, in light of the fact that a state charge is now pending against him, he would not be eligible for the final component of the prison drug abuse program:  community-based treatment.  *See* Aplt's Br. at 20 n.2.  However, as the government reasons, the district court's sentence was not based upon eligibility for a specific program.  Instead, in light of Mr. Beals's repeated violations of supervised release and his chronic drug abuse, the district court reasonably concluded that his problems, including his addiction, could be more effectively addressed in a structured prison setting.  *Cf. United States v. Tsosie*, 376 F.3d 1210, 1218 (10th Cir. 2004) (observing that "[w]hile [the defendant] cannot be forced to participate in the drug rehabilitation program offered in prison, that does not make it unreasonable for the district court to determine that [the defendant] is more likely to successfully address his alcoholism in a prison setting given his failure to address it outside of prison").  Moreover, Mr. Beals's argument that he is ineligible for a particular treatment program does not establish that he cannot receive any treatment at all while incarcerated.

## III. CONCLUSION

We therefore AFFIRM Mr. Beals's sentence.

Entered for the Court,


Robert H. Henry
United States Circuit Judge